UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARIFF M. ABDULLAH,<br><br>      Plaintiff,<br><br>v.<br><br>OSCAR AVILES, *et al.*,<br><br>      Defendants. | Civ. Action No. 22-4668 (JXN)(AME)<br><br><br>**OPINION** |

<u>**NEALS**</u>, District Judge

  Before the Court is *pro se* Plaintiff Shariff M. Abdullah's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 7). Based on his affidavit of indigence (ECF No. 7), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

I.  **BACKGROUND**[1]

Plaintiff is a pre-trial detainee confined in Hudson County Correctional Center ("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff initiated this matter on July 22, 2022, alleging claims against HCCC's Acting Director Oscar Aviles and Medical Director Michael Dantico (collectively, "Defendants") for failing to establish policies during the COVID-19 pandemic. (*Id.* at 1, 4.)

In support of his claim, Plaintiff alleges that on June 26, 2022, an inmate was removed from "unit E-500-North," which is Plaintiff's housing unit, because he tested positive for COVID-19. (*Id.* at 6.) As a result, Plaintiff's housing unit was placed on administrative quarantine. (*Id.*) Nearly ten days later, the inmate returned to Plaintiff's housing unit. (*Id.*) The following day, another inmate tested positive and was removed from the unit. (*Id.*) While all this was ongoing, Plaintiff alleges that there was no policy in place to prevent a "spread or outbreak." (*Id.*). Based on these allegations, Plaintiff claims that Defendants "failed to establish a COVID-19 prevention policy during [his] detention [at HCCC] [and] as a result of [that] failure exposed [Plaintiff] to cruel and hazardous conditions that put [his] life in danger." (*Id.* at 4.)

II.  **STANDARD OF REVIEW**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915(e)(2)(B) and 1915A(b).

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

In the Complaint, Plaintiff alleges that Defendants are liable to him under 42 U.S.C. § 1983 because Defendants failed to establish certain policies during the COVID-19 pandemic. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen

> of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to State a Claim

#### 1. *Supervisory Liability Claim*

As an initial matter, Plaintiff's Complaint includes conflicting allegations. On one hand, Plaintiff alleges that Defendants Aviles and Dantico failed to establish a COVID-19 prevention policy. (ECF No. 1 at 4.) On the other hand, Plaintiff alleges that there were some COVID-19 procedures in place. More specifically, Plaintiff alleges that inmates who tested positive for COVID-19 were removed from his unit while the rest of the unit was placed on "administrative quarantine." (*Id.* at 6.) Plaintiff further alleges that the removed inmate was bought back to his unit while quarantine was still in effect. (*Id.*) Based on these allegations, it appears that Plaintiff is complaining that Defendants' COVID-19 policies were deficient. Although it is not clear, the Court will construe Plaintiff's Complaint to assert a claim for supervisory liability against Defendants.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the Complaint, Plaintiff does not identify a specific policy or policies that Defendants failed to employ. Rather, Plaintiff vaguely alleges that Defendants' COVID-19 policy was deficient. In so doing, Plaintiff's Complaint does not address whether Defendants were aware that their COVID-19 policy created an unreasonable risk of a constitutional injury, nor does it address that Defendants were indifferent to said risk. Moreover, Plaintiff alleges in conclusory fashion

5

that he was injured as a result of the COVID-19 policy. Thus, Plaintiff has failed to state a claim under Section 1983 for supervisory liability. Accordingly, Plaintiff's claims against Defendants Aviles and Dantico are dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice.[2] The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: December 5, 2022

s/ Julien Xavier Neals  
**JULIEN XAVIER NEALS**  
United States District Judge

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims Plaintiff may have raised. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")